UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DAVID Q. WEBB, ) | | |
| Plaintiff(s) ) | CASE NO. _____ | FILED BY_____ D.C. |
| V. ) | | |
| ) | | OCT 16 2023 |
| MIAMI-DADE COUNTY ) | ORIGINAL VERIFIED | ANGELA E. NOBLE |
| GOVERNMENT, et al, ) | COMPLAINT | CLERK U.S. DIST. CT. |
| Defendants. ) | | S. D. OF FLA. - MIAMI |
| ) | DEMAND FOR CIVIL JURY TRIAL | |

## COMPLAINT FOR INJUNCTIVE RELIEF & MONETARY DAMAGES

Plaintiff, **David Q. Webb**, ("Plaintiff"), by and through His **Pro Se Status**, hereby sues **Defendants, Miami-Dade County Government; Miami-Dade County Homeless Trust**, a **State of Florida Government Agency**, doing business for **Miami-Dade County's 3 Million Residence; Camillus House, Incorporated** a Non-Profit, 501(c)(3) Organization, Serving the South Florida community since 1960, Camillus House provides humanitarian services to Men, Women and Children who are Poor and Homeless, which is Acting as a "State Actor" Under the "State Action Doctrine;" **Daniella Levine Cava**, Mayor of Miami-Dade County; **Victoria Mallette O' Bryan**, Executive Director of the **Miami-Dade County Homeless Trust** and **Hilda M. Fernandez**, Chief Executive Officer for **Camillus House, Incorporated** ("Defendants") for **Injunctive Relief, Monetary Damages**, pursuant to **Titles II, III & V** of the **Americans with Disabilities Act of 1990**, as amended, **42 U.S.C. § 12181-12189 ("ADA") & Title VI of the Civil Rights Act of 1964** and The Fair Housing Act [42 U. S. C. 3601 - 3619].

## I. BASIS FOR JURISDICTION

1.  This Court's Jurisdiction is pursuant to **28 U. S. C. 1331**, based on the **United States Constitutional** violations under the **4th & 14th Amendments** by the Below Named **Defendants** pursuant to **42 U. S. C. 1983; 42 U. S. C. 1985; 42 U. S. C. 1986**, as "State Actors Under The Color of Law" and THE AMERICANS WITH DISABILITY ACT - 42 U. S. C. 12101, 12102, 12132, 12182 & 12203; THE FAIR HOUSING ACT [42 U. S. C. 3601 - 3619]; FALSE CLAIMS ACT - 31 U. S. C. 3729 - 3733; 42 U. S. C. 2000d, et seq, UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 and Deliberate Indifference To Medical Needs.

## II. VENUE

2.  This **Court's Venue** is pursuant to **28 U. S. C. 1391**, based on all **Defendants** Live In this State and at least One of the **Defendants** lives in this **Federal District of the United States**

1

**District Court for the Southern District of Florida** and a Substantial Part of the Events Contained in this Suit happened in this **Federal District**.

3. All of the Events contained in this **Second Amended Verified Federal Civil Rights Complaint** occurred within **Miami-Dade County, Florida** during the period of 19 December 2022, through 31 August 2023.

4. **Plaintiff** is a resident of Miami-Dade County, Florida, is of Age, and qualifies as an individual with **Disabilities** as defined by the **ADA**, the **ADA Amendments Act of 2008**, ("AADG") **42 U.S.C. §12101**, and the **28 C.F.R. §36.105(b)(2)**.

5. **Plaintiff** has an **Extreme Case of Angina**, and substantially limited in performing one or more **Major Life Activities**, including, but not limited to, Breathing, accurately Casually Walking throughout Florida, and adequately Traversing Stairs and/or Incline Obstacles such as Hills. As such, is a **Member of a Protected Class** under the **ADA, 42 U.S.C. §12102(1)-(2)**, the Regulations implementing the **ADA** set forth at **28 CFR §§36.101, et seq., and 42 U.S.C. §3602(h)**.

6. Because **Plaintiff's Heart Disability Limits,** He in the performance of **Major Life Activities**, including **Breathing**, He requires **Medications for the Rest of His Life** that assist with ensuring His **Heart Stays at a Very Low Activities of Stress, both Emotionally and Physically**.

### III. THE PARTIES TO THIS COMPLAINT

**7. Defendant No. 1**
Name, Job or Title (if known): **MIAMI-DADE COUNTY GOVERNMENT**

Street Address City and County: Stephen P. Clark Center, 111 NW 1st Street, 29th Floor, Miami, Miami-Dade County

State and Zip Code: Florida 33128

Telephone Number: (305) 375-5071

**Individual & Official Capacities**

**8. Defendant MIAMI-DADE COUNTY GOVERNMENT,** is a "State Actor Under Color of Law" as a "State Agency" under the **State of Florida**.

**9. Defendant No. 2**

Name, Job or Title (if known): **DANIELLA LEVINE CAVA, MAYOR OF MIAMI-DADE COUNTY**

2

Street Address City and County: Stephen P. Clark Center, 111 NW 1st Street, 29th Floor, Miami, Miami-Dade County

State and Zip Code: Florida 33128

Telephone Number: (305) 375-5071

**Individual & Official Capacities**

**10.    Defendant DANIELLA LEVIN CAVA, MAYOR OF MIAMI-DADE COUNTY**, is a "State Actor Under Color of Law" for a "State Agency" under the **State of Florida** Who oversees a **Metropolitan Government [Defendant MIAMI-DADE COUNTY GOVERNMENT]** with nearly 30,000 Employees serving nearly 3 Million Residents, **Managing** an **Annual Budget** of approximately $10 billion.

**11. Defendant No. 3**

Name, Job or Title (if known): **MIAMI-DADE COUNTY HOMELESS TRUST**

Street Address City and County: Stephen P. Clark Center, 111 NW 1st Street, Suite 27-310, Miami, Miami-Dade County

State and Zip Code: Florida 33128

Telephone Number: (305) 375-1490

**Individual & Official Capacities**

**12.    Defendant MIAMI-DADE COUNTY HOMELESS TRUST** is a "State Actor Under Color of Law" for a "State Agency" under the **State of Florida** Who is the "Administrator of the proceeds of the portion of the **1% Food & Beverage Tax** and other **Revenue Sources** dedicated to activities for the **Homeless, Advise the Board of County Commissioners** (BCC) on issues related to **Homelessness;** and **Implement** the **Miami-Dade County Community Homeless Plan; Priority Home**."

**13. Defendant No. 4**

Name, Job or Title (if known): **VICTORIA MALLETTE O'BRYAN, EXECUTIVE DIRECTOR**

Street Address City and County: Stephen P. Clark Center, 111 NW 1st Street, Suite 27-310, Miami, Miami-Dade County

State and Zip Code: Florida 33128

Telephone Number: (305) 375-1490

**Individual & Official Capacities**

14.     Defendant **Mallette O'Bryan**, is a "**State Actor Under Color of Law**" for a "**State Agency**" under the **State of Florida** Who responsibilities are to implement Policies Developed by the **Board** (Made-Up of 27-Members) of the **Miami-Dade County Homeless Trust**, including the Utilization of Local, State and Federal Funds to Assist the Homeless and Provide Leadership, Coordination and Administration to the Department and Recommends, Defines and Monitors Operating Goals, Objectives and Procedures for the Trust and the Department.

15.     Additionally, **Defendant VICTORIA MALLETTE O'BRYAN, EXECUTIVE DIRECTOR** is assisted by a **Newly Created Position of Assistant Executive Director of the Miami-Dade County Trust** (Manny Sarria) Who's responsibilities encompass managing the **Miami-Dade County's United States Housing and Urban Development (HUD) Programs**, as well as providing **Administrative Oversight of Contract Monitoring, Compliance, and Performance Review**.

**16. Defendant No. 5**

Name, Job or Title (if known): **CAMILLUS HOUSE, INCORPORATED**

Street Address City and County: 1603 NW 7th Avenue, Miami, Miami-Dade County

State and Zip Code: Florida 33136

Telephone Number: (305) 374-1065

**Individual & Official Capacities**

17.     **Defendant CAMILLUS HOUSE, INCORPORATED**, Serving the South Florida community since 1960, Camillus House is a non-profit, 501(c)(3) Organization that provides Humanitarian Services to Men, Women and Children who are Poor and Homeless.

18.     **Defendant CAMILLUS HOUSE, INCORPORATED**, is a "State Actor" under the "State Action Doctrine" through the **Coercive Power** that the **Miami-Dade County Government** [**Miami-Dade County Homeless Trust**] Exerts over the **Camillus House, Incorporated** and the **Miami-Dade County Government** [**Miami-Dade County Homeless Trust**] **Provides Such Significant Encouragement Over the Camillus House, Incorporated** Decisions As A Private Business that the **Camillus House, Incorporated** is Simply A Continuum of the **Miami-Dade County Government** [**Miami-Dade County Homeless Trust**], which makes it [**Camillus House, Incorporated**] A "State Actor" that will be Sued in the Near Future under **42 U. S. C. 2000d, et sequential** for violating the **4th Amendment - illegal Searches & 14th Amendment - Equal Protection Under The Laws**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which also affords **Money Damages**. <u>Blum v. Yaretsky</u>, 457 U. S. 991, 1004 (1982).

19.     Also, the **Camillus House, Incorporated** is a **Subcontractor** of the **Miami-Dade County Homeless Trust** by being given **Federal Funding** obtained from the **United States Department of Housing & Urban Development** based on the "**interdependence**" between both of Them. **Burton v. Wilmington Parking Authority**, 365 U. S. 715, 725 (1961).

20.     None of the Actions for obtaining **Federal Housing** for **Camillus House, Incorporated Clients** can occur without the **Miami-Dade County Homeless Trust** Authorizing and Approving of the Decisions of the **Camillus House, Incorporated** for its **Homeless Clients**.

21.     In furtherance, of the **Miami-Dade County Government** through the **Miami-Dade County Homeless Trust Coercive Power** and **Providing Such Significant Encouragement Over the Camillus House, Incorporated** Decisions As A Private Business is **Camillus House, Incorporated** Staff Personnel (**John Gamez**, Emergency Housing Lead Case Manager) on Monday, 31 July 2023, sharing that the **Emergency Shelter Group** (ESG) of which **Plaintiff Webb** is a current **Client** Cannot Do Anything without its **Sponsor** [**City of Miami Government**] authorizing Any such Action in Reference to any particular **Client** pertaining to Bed Space. Nor the **Cess Program**, which is **Sponsored** by the **Miami-Dade County Government** Cannot Do Anything without its **Sponsor** [**Miami-Dade Government**] authorizing Any such Action in Reference to any particular **Client** pertaining to Bed Space.

22.     **Mr. Gamez** went on to stipulate that the **Camillus House** Staff Personnel cannot make a move without the Direction and Authorization from the **Miami-Dade County Homeless Trust** [**Miami-Dade County Homeless Trust Board of Directors**] authorizing when **Camillus House, Incorporated Clients** become Eligible for Referral to Any Housing Programs until **One (1) Year of Continuum of Homelessness** within the **Camillus House, Incorporated** as a **Client**, No Matter How Long that **Individual Client** has been Homeless prior to Entering the **Camillus House, Incorporated** as a **Client** [Any current **Client** of the **Camillus House, Incorporated** that has been Chronically Homeless prior to Their Arrive and Placement are given a Three (3) Month Credit towards the Continuum of Homelessness by the **Miami-Dade County Homeless Trust Board of Directors** without exception - - **Plaintiff Webb** was Homeless in the **State of Delaware** from 02 December 2020 through 28 September 2022, and upon the **State of Delaware Department of Health & Social Services - Division of State Service Center** confirming such on 30 April 2023 with the **Camillus House, Incorporated** Staff Personnel (**Amanick Boothe**, Former Emergency Housing Case Manager Supervisor) coupled with **Plaintiff Webb's Homelessness Self-Certification for Permanent Supportive Housing** (PSH) on 23 June 2023, provided by the **Camillus House, Incorporated** Staff Personnel (**Elijah Drinks**, Case Manager) for the **Miami-Dade County Homeless Trust** Approved Three (3) Months Credit towards the **Continuum of One (1) Year Homelessness** for **Plaintiff Webb**.

23.     **Mr. Gamez**, further confirmed that **Camillus House, Incorporated** receiving **$12.6 Million** over Three (3) Years towards Three (3) **Camillus House Programs** for **Rental Assistance** from the **Miami-Dade County Homeless Trust** after They were **Awarded $21.21 Million** from the **United States Department of Housing & Urban Development Deputy Secretary (Adrianne Todman)** in February 2023, "...but it won't be allocated for a very

5

Long-Time and when it is allocated it will be at the whim of the **Miami-Dade County Homeless Trust Discretion...**"

24.     This "**State Actor**" under the "**State Action Doctrine**" is Reinforced by **Defendant HILDA M. FERNANDEZ**, Chief Executive Officer of the **Camillus House, Incorporated**, who is the immediate [2014] **Former Executive Director** of the **Miami-Dade County Homeless Trust**.

25. **Defendant No. 6**

Name, Job or Title (if known): **HILDA M. FERNANDEZ, CHIEF EXECUTIVE OFFICER**

Street Address City and County: 1603 NW 7th Avenue, Miami, Miami-Dade County

State and Zip Code: Florida 33136

Telephone Number: (305) 374-1065

**Individual & Official Capacities**

26.     As Chief Executive Officer, **Hilda Fernandez** leads a Complex System of Care serving more than 34,000 Men, Women and Children each Year through over 40 Programs and Services for Camillus House, Incorporated.

27.     **Ms. Fernandez** was the Former Executive Director of the **Miami-Dade County Homeless Trust** where She oversaw an Annual Budget of more than $49 Million, Allocated to over 80 **Providers** of **Housing** and **Services** to the **Homeless** throughout **Miami-Dade County**.

**IV. STATEMENT OF CLAIMS**

28.     COUNT - I:  **THE AMERICANS WITH DISABILITY ACT - 42 U. S. C. 12101 - 12213**

29.     The Americans With Disabilities Act (ADA) became law in 1990. The **ADA is a Civil Rights Law** that prohibits **Discrimination** against individuals with **Disabilities** in all areas of **Public Life**, including **Jobs, Schools, Transportation**, and all **Public** and **Private Places** that are open to the **General Public**, including changes made by the **ADA Amendments Act of 2008**.

30.     Defendants have subjected Themselves to the **ADA under Titles II, III, V and Title VI of the Civil Rights Act of 1964** (Rehabilitation Act of 1973 - 29 U. S. C. 794) as Housing Providers that are Federally Funded Recipients from the United States Department of Housing & Urban Development. As a result, Defendant's Rental Properties are for the Public, which includes Plaintiff (A Disabled Person). Therefore, Defendant's Rental Properties must comply with the ADA, which means it must not Discriminate against

6

**Individuals with Disabilities and may not Deny Full and Equal Enjoyment of the Goods and Services afforded to the General Public.**

31.     Pro Se Plaintiff Webb has a Very Strong Likelihood of Success on the Merits against both the **Miami-Dade County Government [Miami-Dade County Homeless Trust]** & **Camillus House, Incorporated** based on the <u>**Intentional Discrimination**</u> under **42 U. S. C. 2000d, et Sequencing** and <u>**Retaliation**</u> in Violation of **42 U. S. C. 12203**, after Exercising His **Federal Civil Rights** under **42 U. S. C. 12101 & 12102** <u>in Concert with the Vicious Misconduct to place a Disabled Senior Citizen Out on the Streets of Miami, Florida with Full-Knowledge that this May Literally Kill Pro Se Plaintiff Webb with His Extreme Case of Angina Exacerbated by Stress both Emotionally & Physically</u>.

32.     <u>**First**</u>, Defendants **Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** were Officially Notified in Writing and provided Two (2) Letters from Medical Doctors by **Pro Se Plaintiff Webb** that He qualifies as a "**Disabled**" Senior Citizen pursuant to **42 U. S. C. 12101 & 12102**, for **Residency** within the **Federal Funded Shepard Court Apartments** on the **Campus of Camillus House, Incorporated** and the **Miami-Dade County Government; Miami-Dade County Homeless Trust** and **Camillus House, Incorporated** all Explicitly Stipulated that **Their Rules, Policies, Practices, or Services Excluded Pro Se Plaintiff Webb's "Disability"** consisting of an **Extreme Angina** that is **Exacerbated by Stress both Emotionally and Physically**.

33.     **Plaintiff Webb** provided the **Camillus House, Incorporated**, which provided it to both **Miami-Dade County Government** and **Miami-Dade County Homeless Trust** Two (2) Letters [Dated 30 August 2022 & 24 July 2023] from **Medical Doctors [Dr. Antony Leslie Innsalmuthu**, M. D., MRCP (UK) F. A. C. C. and **Dr. Sirac Cardoza**, M. D.] explicitly detailing the **Heart Condition Disability** that prevents <u>**Major Life Functions**</u> and the Restriction from Exacerbating such Heart Conditions and despite these Letters the **Miami-Dade County Government** through the **Miami-Dade County Homeless Trust** stated that **Plaintiff Webb** was not **Disabled** based on <u>**Their Eligibility Requirements**</u> for being Referred for **Federal Housing** and/or **Other Housing Programs** Namely the **Shepherd Court Furnished Apartments** on the Campus of the **Camillus House, Incorporated**.

34.     **Secondly**, when **Pro Se Plaintiff Webb** persisted with being provided with alternative Temporary Residency within a **Extended Stay America Hotel** in the Letter dated 12 June 2023, based on the **Continual Viral & Bacterial Infections** that resulted in **Three (3) Distinct Diagnosis of Atypical Pneumonia** and Other Complications with **Severe Nose Bleeds** that resulted in **Three (3) Emergency Room Visits** over the Course of One (1) Week [04 May - 12 May 2023] He was ignored by all **Three (3) of these Defendants**.

35.     Collectively, the **Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** responded with "<u>**Fraudulent-Pretenses**</u>" on 23 June 2023, to the **Letter** dated 12 June 2023, by ordering **Pro Se Plaintiff Webb** to sign a **Discharge Letter** for Thursday, 31 August 2023, that <u>His Time has been Exceeded here at the **Camillus House, Incorporated** and any additional **Services** afforded collectively through the</u>

**Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** would no longer be available to **Pro Se Plaintiff Webb**.

36.     **Pro Se Plaintiff Webb** had been told by the **Former Emergency Housing Case Manager Supervisor (Defendant Amanick Boothe)** on 19 June 2023, after a **Manadorary Emergency Housing Meeting** that **Defendant Fernandez** had shared with **Ms. Boothe** that She (**Defendant Fernandez**) was still working diligently to provide an ANSWER to the 12 June 2023, **Letter** in a few More-Days.

37.     On 22 June 2023, **Defendant Boothe** Emailed **Pro Se Plaintiff Webb** that She needed to see Him immediately under the **Guise** that She had Housing Available and needed **Pro Se Plaintiff Webb** to Sign Important Legal Documents, but **Plaintiff Webb** was too far away to make it back to **Camillus House, Incorporated** before the Close of Business and scheduled to Meet with **Defendant Boothe** on Friday, 23 June 2023.

38.     Upon arriving to Meet with **Defendant Boothe, Pro Se Plaintiff Webb** was advised by **Elijah Drinks**, Case Manager that **Defendant Boothe** was left instructions **Personally from Defendant Hilda Fernandez** to have You [**Plaintiff Webb**] **Discharged** from the **Camillus House, Incorporated Programs** and **Services**, because "...**You have Exceeded Your Time Here At The Camillus House, Incorporated for One (1) Year Duration** [Despite having arrived on 19 December 2022 and it was 23 June 2023] **that No One On The Campus of Camillus House, Incorporated has been here Currently More than One (1) Year...**"

39.     This was told to **Plaintiff Webb** under "**Fraudulent Pretenses**" to OBTAIN His Signature." See Email Communications dated 22, 23, 24 and 30 August 2023, to **Defendant Fernandez that resulted in the ORDERING OF PLAINTIFF WEBB TO BE DISCHARGED IN RETALIATION FOR SEEKING THE LAWFUL MEANS OF 42 U. S. C. 12101 & 12102**, that started with the 12 June 2023, **Letter**.

40.     **Pro Se Plaintiff Webb** alleges He has met the **Elements** of **42 U. S. C. 12203(a)**, from being **Coerced, Intimidated, Threatened** and **Interfered** directly by **Defendant Fernandez** as the "Final Policy Maker" on 23 August 2023, at 7:51 P. M., via Email and indirectly at **Defendant Fernandez's** directions by several **Staff Personnel** identified in the near Future **SUPPLEMENTAL AMENDED COMPLAINT - Vicarious Liability Section**.

41.     **Pro Se Plaintiff Webb** alleges that He **Officially Notified Camillus House, Incorporated (Defendant Hilda Fernandez)** that His **Federally Protected Civil Rights** under **42 U. S. C. 12101 & 12102**, had been violated and by doing such, **Pro Se Plaintiff Webb** was **Coerced, Intimidated, Threatened** and **Interfered** with His Individual Enjoyment of the **ADA Housing** and **Pro Se Plaintiff Webb's Discharge** was directly related to the **Protected Activities** under **42 U. S. C. 12101 & 12102**.

42.     Thirdly, the **Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated Pretextual Reasoning for Discharging Pro Se Plaintiff Webb** was in **Violation of 42 U. S. C. 12203**, and shared such in **Writing** through **Emails** on 22, 24 and 30 August 2023, with **Defendants Daniella Levine Cava**, Mayor of the

8

Miami-Dade County Government; Ms. Victoria Mallette O'Bryan, Executive Director of the Miami-Dade County Homeless Trust and Ms. Hilda M. Fernandez, Chief Executive Executive Officer of the Camillus House, Incorporated.

43. Pro Se Plaintiff Webb alleges that the Miami-Dade County Government; Miami-Dade County Homeless Trust and the Camillus House, Incorporated refused to accept Plaintiff Webb providing 42 U. S. C. 12101 & 12102, indicating that Plaintiff Webb was indeed Disabled and the Eligibility Requirements by the Miami-Dade County Government; Miami-Dade County Homeless Trust and the Camillus House, Incorporated were superseded by the Federal Supremacy Clause as a Recipient of Federal Funding from the United States Department of Housing & Urban Development.

44. Defendants Miami-Dade County Government & Camillus House, Incorporated violated specifically 42 U. S. C. 12101; 12102; 12132; 12182; which violated Plaintiff Webb's United States Constitutional Civil Rights under the 14th Amendment - Equal Protection Under The Laws and 12187 [Exemptions For Private Clubs and Religious Organizations] would not be applicable to the Camillus House Incorporated, because They are Undisputely Acting as "State Actors" under the "State Action Doctrine" despite Their claimed Founding Religious Affiliation as a Non-Profit 501(c)(3) State & Federal Tax Exempt Organization.

45. The Federal Jurisdiction for the above Defendants is under 28 U. S. C. 1331.

46. COUNT - II: THE FAIR HOUSING ACT [42 U. S. C. 3601 - 3619]

47. The Department of Justice (DOJ) and the The Department of Housing And Urban Development (HUD) are jointly responsible for enforcing the Federal Fair Housing Act, which prohibits Discrimination in Housing on the basis of Race, Color, Religion, Sex, National Origin, Familial Status, and Disability [The Act uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This document uses the term "disability," which is more generally accepted]. One type of Disability Discrimination prohibited by the Act is the refusal to make Reasonable Accommodations in Rules, Policies, Practices, or Services when such Accommodations may be necessary to afford a Person with a Disability the Equal Opportunity to use and enjoy a Dwelling [42 U. S. C. 3604(f)(3)(B)]. HUD and DOJ frequently respond to Complaints Alleging that Housing Providers have violated the Act by refusing Reasonable Accommodations to Persons with Disabilities.

48. Under The Fair Housing Act, if a person believes He has been unlawfully denied a reasonable accommodation, what should that person do if she wishes to challenge that denial under the Act?

49. When a person with a disability believes that she has been subjected to a discriminatory housing practice, including a provider's wrongful denial of a request for

reasonable accommodation, He may File a Complaint with HUD within One Year after the Alleged Denial **or may File a Lawsuit in Federal District Court within Two Years of the Alleged Denial**. If a Complaint is Filed with HUD, HUD will investigate the Complaint at No Cost to the Person with a Disability.

**50.** What happens if providing a requested accommodation involves some costs on the part of the housing provider?

**51.** Courts have ruled that the Act may require a housing provider to grant a reasonable accommodation that involves costs, so long as the reasonable accommodation does not pose an undue financial and administrative burden and the requested accommodation does not constitute a fundamental alteration of the provider's operations.

**52.** **Housing Providers** that receive **Federal Financial Assistance** are also subject to the requirements of **Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794. Section 504**, and its implementing regulations at **24 C.F.R. Part 8, Prohibit Discrimination** based on **Disability** and require **Recipients of Federal Financial Assistance** to provide **Reasonable Accommodations to Applicants and Residents with Disabilities**. Although **Section 504 imposes greater obligations than the Fair Housing Act**, (*e.g.*, providing and paying for reasonable accommodations that involve structural modifications to units or public and common areas), the principles discussed in this Statement regarding reasonable accommodation under the **Fair Housing Act generally apply to requests for reasonable accommodations to rules, policies, practices, and services under Section 504**. *See* **U.S. Department of Housing and Urban Development, Office of Public and Indian Housing, Notice PIH 2002-01(HA) and "Section 504: Frequently Asked Questions"**

**53.** The **Fair Housing Act's** protection against disability discrimination covers not only home seekers with disabilities but also buyers and renters without disabilities who live or are associated with individuals with disabilities **42 U.S.C. § 3604(f)(1)(B), 42 U.S.C. § 3604(f)(1)(C), 42 U.S.C. § 3604(f)(2)(B), 42 U.S.C. § (f)(2)(C)**. *See also* **H.R. Rep. 100-711 - 24 (reprinted in 1988 U.S.C.A.N. 2173, 2184-85)** ("The Committee intends these provisions to prohibit not only discrimination against the primary purchaser or named lessee, but also to prohibit denials of housing opportunities to applicants because they have children, parents, friends, spouses, roommates, patients, subtenants or other associates who have disabilities."). *Accord*: Preamble to Proposed HUD Rules Implementing the Fair Housing Act, 53 Fed. Reg. 45001 (Nov. 7, 1988) (citing House Report).

54. **First**, **Defendants Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** were Officially Notified in Writing and provided Two (2) Letters from Medical Doctors by **Pro Se Plaintiff Webb** that He qualifies as a "**Disabled**" Senior Citizen pursuant to **42 U. S. C. 12101 & 12102**, for **Residency** within the **Federal Funded Shepard Court Apartments** on the **Campus of Camillus House, Incorporated** and the Miami-Dade County Government; Miami-Dade County Homeless Trust

10

and **Camillus House, Incorporated** all Explicitly Stipulated that **Their Rules, Policies, Practices, or Services Excluded Pro Se Plaintiff Webb's "Disability"** consisting of an **Extreme Angina** that is **Exacerbated by Stress both Emotionally and Physically**.

**55.**     **Plaintiff Webb** provided the **Camillus House, Incorporated**, which provided it to both **Miami-Dade County Government** and **Miami-Dade County Homeless Trust** Two (2) Letters [Dated 30 August 2022 & 24 July 2023] from **Medical Doctors** [**Dr. Antony Leslie Innsalmuthu**, M. D., MRCP (UK) F. A. C. C. and **Dr. Sirac Cardoza**, M. D.] explicitly detailing the **Heart Condition Disability** that prevents <u>**Major Life Functions**</u> and the Restriction from Exacerbating such Heart Conditions and despite these Letters the **Miami-Dade County Government** through the **Miami-Dade County Homeless Trust** stated that **Plaintiff Webb** was not **Disabled** based on <u>**Their Eligibility Requirements**</u> for being Referred for **Federal Housing** and/or **Other Housing Programs** Namely the **Shepherd Court Furnished Apartments** on the Campus of the **Camillus House, Incorporated**.

**56.**     **Pro Se Plaintiff Webb** alleges that the **Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** refused to accept **Plaintiff Webb** providing 42 U. S. C. 12101 & 12102, indicating that **Plaintiff Webb** was indeed **Disabled** and the **Eligibility Requirements** by the **Miami-Dade County Government; Miami-Dade County Homeless Trust** and the **Camillus House, Incorporated** <u>were superseded by the **Federal Supremacy Clause** as a **Recipient of Federal Funding** from the **United States Department of Housing & Urban Development**</u>.

The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1331**.

**57.**     <u>**COUNT - III: FLORIDA STATE VICARIOUS LIABILITY CULPABILITY**</u>

<u>GENERAL ALLEGATIONS COMMON TO ALL DEFENDANTS BELOW</u>

**58.**     In short, vicarious liability is when the law holds someone else legally responsible for damages caused by another.

**59.**     The doctrine of Respondeat Superior makes the employer legally responsible to pay for damages caused by an employee while that employee is in the course and scope of employment. In other words, your employer is responsible to pay for damages that you cause while you are on the clock at your job. Once you are off the clock and no longer acting on behalf of the employer (and for the employer's benefit), then the employer is no longer legally held responsible.

**60.**     The key to legal liability under the Doctrine of Respondeat Superior is that the Employee has to be not only on the clock but also benefiting the Employer. An Employee who is on the

11

clock but who is doing something that the Employee is not permitted to do may be considered outside the Course and Scope of Employment for which the Employer is not Legally Responsible.

61.     Therefore, the terms Respondeat Superior and Vicarious Liability are often used interchangeably when a Principal or Employer is sought to be held Liable for the Acts of an Agent or Employee.

62.     However, an Employer is only Vicariously Liable for damages resulting from the Tortious Acts of an Employee when these acts were committed within the Scope of his or her Employment. This is based upon the Long-Recognized Public Policy that Victims Injured by the Tortious or Criminal Acts of Employees Acting within the Scope of their Employment should be compensated even though it means placing Vicarious Liability on an Innocent Employer. "Under the doctrine of respondeat superior, an employer cannot be held liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353 (Fla. 3d DCA 2001). For the conduct of an Employee to be considered within the Scope of Employment, "Florida law requires that the conduct (1) must have been the kind for which the employee was employed to perform; (2) must have occurred within the time and space limits of his employment; and (3) must have been activated at least in part by a purpose to serve the employment." **Spencer v. Assurance Co. of Am.**, 39 F.3d 1146 (11th Cir.1994).

63.     **Pro Se Plaintiff Webb** incorporates paragraphs 57 through 62 as alleged herein and further states as follows:

64.     **CAUSE OF ACTION - I: Defendant MIAMI-DADE COUNTY GOVERNMENT** as the **Final Policy Maker**, became **Vicariously Liable** pursuant to **Florida Supreme Court**

12

[**Cantor v. Cochran**, 184 So.2d 173 (Fla. 1966) and **Morrison Motor Company v. Manheim Services Corporation**, 346 So.2d 102, 104 (Fla. 2d DCA 1977)], as soon as **Defendants DANIELLA LEVINE CAVA, MAYOR OF MIAMI-DADE COUNTY** and **VICTORIA MALLETTE O'BRYAN, EXECUTIVE DIRECTOR** conduct met the **Florida Supreme Court Case Laws** above as the Factual details support each **Defendant** below.

65. **CAUSE OF ACTION - II: Defendant DANIELLA LEVINE CAVA, MAYOR OF MIAMI-DADE COUNTY** made the **Miami-Dade County Government Vicariously Liable** under these Facts:

66. **Defendant DANIELLA LEVINE CAVA, MAYOR OF MIAMI-DADE COUNTY**, in Her **Individual Capacity** as a "State Actor Under Color of Law" for the **Miami-Dade County Government** failed to ensure that **Plaintiff Webb** was not **Denied Equal Protection Under The Laws** within the **14th Amendment** under the **United States Constitution**, from 19 December 2022 through 31 August 2023, at the **Camillus House, Incorporated, while denying Plaintiff Webb as a Disabled Senior Citizen the Federal Housing Programs for becoming a Resident within the Shepherd Court Apartments on the Camillus House, Incorporated Campus**, after Plaintiff Webb Personally Notified Defendant **DANIELLA LEVIN CAVA, MAYOR OF MIAMI-DADE COUNTY** via several Email Communications to Her Personal Email Account [DSLCava2@gmail.com].

67. **CAUSE OF ACTION - III: Defendant VICTORIA MALLETTE O'BRYAN, EXECUTIVE DIRECTOR** made the **Miami-Dade County Government Vicariously Liable** under these Facts:

68. **Defendant VICTORIA MALLETTE O'BRYAN, EXECUTIVE DIRECTOR**, in Her **Individual Capacity** as a "State Actors Under Color of Law" for the **Miami-Dade County Government** failed to ensure that **Plaintiff Webb** was not **Denied Equal Protection Under The Laws** within the **14th Amendment** under the **United States Constitution**, from 19 December 2022 through 31 August 2023, at the **Camillus House, Incorporated, while denying Plaintiff Webb as a Disabled Senior Citizen the Federal Housing Programs for becoming a Resident within the Shepherd Court Apartments on the Camillus House, Incorporated Campus**, after Plaintiff Webb Personally Notified Defendant **VICTORIA MALLETTE**

O'BRYAN, EXECUTIVE DIRECTOR via several Email Communications to Her Email Account [Victoria.Mallette@miamidade.gov].

69. Pro Se Plaintiff Webb alleges that this was **Exacerbated** by the **Defendant VICTORIA MALLETTE O'BRYAN** refusal to accept **Plaintiff Webb** providing **42 U. S. C. 12101 & 12102**, indicating that **Plaintiff Webb** was indeed **Disabled** and the **Eligibility Requirements** by the **Miami-Dade County Government** [Miami-Dade County Homeless Trust] were superseded by the **Federal Supremacy Clause** as a **Recipient of Federal Funding** from the **United States Department of Housing & Urban Development** through the **Miami-Dade County Government** [Miami-Dade County Homeless Trust].

70. **Plaintiff Webb** provided the **Defendant VICTORIA MALLETTE O'BRYAN** through the **Miami-Dade County Homeless Trust** Two (2) Letters [Dated 30 August 2022 & 24 July 2023] from **Medical Doctors** [**Dr. Antony Leslie Innsalmuthu**, M. D., MRCP (UK) F. A. C. C. and **Dr. Sirac Cardoza**, M. D.] explicitly detailing the **Heart Condition Disability** that prevent Major Life Functions and the Restriction from Exacerbating such Heart Conditions and despite these Letters the **Miami-Dade County Government** through the **Miami-Dade County Homeless Trust** stated that **Plaintiff Webb** was not **Disabled** based on **Their Eligibility Requirements** for being Referred for **Federal Housing** and/or **Other Housing Programs** Namely the **Shepherd Court Furnished Apartments** on the Campus of the **Camillus House, Incorporated**.

71. **Defendant Mallette O'Bryan** Failed at Her Responsible for the implementation of policies developed by the **Board of the Miami-Dade County Homeless Trust**, including the utilization of Local, State and Federal Funds to assist the Homeless for **Camillus House Client David Q. Webb** when it was Her that Personally Referred Webb on 19 December 2022, by ignoring the subsequent Communication from **Plaintiff Webb** seeking Eligibility Requirements for obtaining the Federal Housing and Other Housing Programs offered through the Miami-Dade County Homeless Trust. See Email Communication dated 23 January 2023.

72. **Pro Se Plaintiff Webb** incorporates paragraphs 57 through 62 as alleged herein and further states as follows:

73. **CAUSE OF ACTION - IV:** **Defendant CAMILLUS HOUSE, INCORPORATED** as the **Final Policy Maker**, became **Vicariously Liable** pursuant to **Florida Supreme Court** [**Cantor v. Cochran**, 184 So.2d 173 (Fla. 1966) and **Morrison Motor Company v. Manheim Services Corporation**, 346 So.2d 102, 104 (Fla. 2d DCA 1977)], as soon as **Defendant HILDA M. FERNANDEZ**, CHIEF EXECUTIVE OFFICER conduct met the **Florida Supreme Court Case Laws** above as the Factual details support **Defendant FERNANDEZ** below.

74.     **CAUSE OF ACTION - V: Defendant HILDA M. FERNANDEZ, CHIEF EXECUTIVE OFFICER**

75.     **Defendant Hilda Fernandez** personally violated specifically **42 U. S. C. 12203 (Title V of the ADA)**, which violated **Plaintiff Webb's United States Constitutional Civil Rights** under the **14th Amendment - Equal Protection Under The Laws** after **Pro Se Plaintiff Webb** drafted the **Letter** dated 12 June 2023, that placed the **Camillus House, Incorporated** on **Official Notice** that **Pro Se Plaintiff Webb** had been **Denied Federal Housing** based on His **Color, Race** and **National Origin** as a **Disabled Senior Citizen** by a **Federally Funded Recipient [Camillus House, Incorporated] BY NOT ADHERING TO 42 U. S. C. 12101 & 12102**, under the **Federal Supremacy Clause** in addition to the **Viral & Bacterial Infections** that were continuous under the Living Conditions of Eight (8) Men in a Suite with One (1) Bathroom containing a Shower, Toilet and Sink.

76.     **Defendants HILDA M. FERNANDEZ**, Chief Executive Officer of the **Camillus House, Incorporated** personally **ORDERED** the immediate **Discharge** of **Pro Se Plaintiff Webb** to the Streets of Miami, Florida on Thursday, 31 August 2023, with full knowledge that He had **No Cash On-Hand**; **No Income**; **No Immediate Employment Endeavors**; **No Housing** and/or **Shelter** of **Any Kind With Full-Knowledge of His Heart Disability** that had been detailed by the Two (2) **Doctors Letters** currently in the **Official Court Record** that ANY STRESS EMOTIONAL and/or PHYSICAL WOULD EXACERBATE Pro Se Plaintiff Webb's EXTREME CASE of ANGINA resulting in LIFE THREATENING HEART ATTACKS.

77.     The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1367**.

V.  **INJURIES**

78.     **Plaintiff Webb** alleges that all of the above **Defendants** Acting in Their **Individual & Official Capacities** as "State Actors" violated **Plaintiff Webb's U. S. Constitutional Civil Rights & Florida State Tort Laws** that caused **Extreme Mental Anguish** and **Pain & Suffering** towards **Plaintiff Webb**.

VI. **RELIEF**

79. I am seeking Compensation for **Money Damages** from the **MIAMI-DADE COUNTY GOVERNMENT** and **CAMILLUS HOUSE, INCORPORATED** and specific **Named "State Actors"** under **"Color of Law" Defendants** in their **Official & Individual Capacities** after being denied the **Protection Under The Laws** from 19 December 2022 through 31 August 2023, in violations of the **United States Constitution under the 4th & 14th Amendments**.

80. These are the amicable **Money Damages** for the Unconscionable Mental Anguish Suffered from being Mentally Abused by the "State Actors" under "Color of Law" during the above events, as follows:

81. Each Paying the Total Sum of **$8.8 Million Dollars** from the **Miami-Dade County Government & CAMILLUS HOUSE, INCORPORATED** and/or its Indemnification Insurer to **Plaintiff Webb**.

82. These are the amicable **Money Damages** for the Unconscionable Mental Anguish Suffered from being Mentally Abused by the **MIAMI-DADE COUNTY GOVERNMENT** and **CAMILLUS HOUSE, INCORPORATED** as **Named Defendants each Paying the Sum of $780,000.00**, for **Their Legal Liability** under the **Vicarious Liability Statute** [Spencer v. Assurance Co. of Am., 39 F.3d 1146 (11th Cir.1994) (**Florida Statutes**)], Whom **Employees** made their **Employer Legally Culpable**, which basically stipulates:

83. "… **In Florida, the General Rule is that in order to hold an Employer Vicariously Liable for the Torturous Acts of its Employees, the Employee must have been Acting in furtherance of the Employer's Business and within the Course and Scope of Employment when the Torturous Act was committed…**"

84. WHEREFORE, Plaintiff **DAVID Q. WEBB** respectively prays that this **Court**:

    A. Enter Judgment in his favor and against All Named Defendants.
    B. Award Compensatory Damages, Attorney's Fees, and Costs against each Defendant, and Punitive Damages against each of the Defendants in their Individual Capacity.
    C. Grant such other and further Relief as the Court deems Equitable and Just.

## VII. CERTIFICATION AND CLOSING

85. Under **Federal Rule of Civil Procedure 11**, by signing below, I certify to the best of my knowledge, information, and belief that this Amended Complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of **Rule 11**.

**86.** I agree to provide the **Clerk's Office** with any changes to my address where Case-Related papers may be served. I understand that my failure to keep a current address on File with the **Clerk's Office** may result in the dismissal of my Case.

Date of signing: 16 October 2023

Signature of Plaintiff: _____  Printed Name of Plaintiff: David Q. Webb

I **Certify or Declare under Penalty of Perjury** under the **Laws of the State of Florida and the United States of America** that the foregoing is true and correct to the best of My knowledge, information and belief in accordance with **28 U. S. C. 1746**.

**Executed this 16th Day of October 2023.**
David Q. Webb            /s/ David Q. Webb