UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23971-ALTMAN/Reid

**DAVID WEBB**,

    *Plaintiff*,

v.

**MIAMI-DADE COUNTY GOVERNMENT**,
*et al.*,

    *Defendants*.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, David Webb, has filed a Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3] in his lawsuit against (1) the Miami-Dade County Government (the "MDC Government"); (2) Miami-Dade County Mayor Daniella Levine Cava ("Cava"); (3) the Miami-Dade County Homeless Trust (the "MDC Homeless Trust"); (4) MDC Homeless Trust Executive Director Victoria Mallette O'Bryan ("O'Bryan"); (5) Camillus House, Inc.[1] ("Camillus House"); and (6) Camillus House Chief Executive Officer Hilda Fernandez ("Fernandez"). Because the Complaint [ECF No. 1] is an impermissible shotgun pleading, we **DENY** the Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISS** the Complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file an amended complaint and a new motion for leave to proceed in *in forma pauperis*.

---

[1] "Camillus House provides humanitarian services to [m]en, [w]omen, and [c]hildren who are [p]oor and [h]omeless." Complaint at 1.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (quoting *Bivens v. Roberts*, 2009 WL 411527, at *4 (S.D. Ga. Feb. 18. 2009)).

**ANALYSIS**

The Plaintiff is a homeless Miami-Dade County resident whose "extreme . . . [a]ngina" qualifies him for protections under the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 1201 *et seq. See* Complaint ¶ 5. The incidents that led to this Complaint started after the Plaintiff moved into one of the residential facilities on the Camillus House campus on December 19, 2022. *See id.* ¶ 38. He remained there until August 31, 2023, at which point Camillus House staff "discharged him to the streets of Miami," even though he had "no cash on-hand, no income, no immediate employment endeavors, no housing and/or shelter of any kind and with full knowledge of his heart disability." *Id.* ¶ 76 (cleaned up). He alleges that the Defendants violated his constitutional and statutory rights (state and federal), and he asks us to award him $8.8 million in "amicable [m]oney [d]amages" for the "unconscionable mental anguish suffered from being mentally abused by the 'state actors' under 'color of law'[.]" *Id.* ¶¶ 80–81. But, because this Complaint is a shotgun pleading, we now dismiss it without prejudice.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

Here, the Complaint violates Rule 10(b) and falls into *Embree*'s third and fourth categories of shotgun pleadings. Starting with 10(b), many of the Complaint's numbered paragraphs aren't "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Instead, they refer to multiple Defendants, incidents, and legal theories. For example, in paragraph 75, the Plaintiff alleges the following:

> Defendant Hilda Fernandez personally violated specifically 42 U.S.C. 12203 (Title V of the ADA), which violated Plaintiff Webb's United States Constitutional Civil Rights under the 14th Amendment – Equal Protection under the Laws after Pro Se Plaintiff Webb drafted the Letter dated 12 June 2023, that placed Camillus House, Incorporated on Official Notice that Pro Se Plaintiff Webb had been Denied Federal Housing based on His Color, Race and National Origin as a Disabled Senior Citizen by a Federally Funded Recipient (Camillus House, Incorporated) by not adhering to 42 U.S.C. 12101 & 12102, under the Federal Supremacy Clause in addition to the Viral & Bacterial Infections that were continuous under the Living Conditions of Eight (8) Men in a Suite with One (1) Bathroom containing a Shower, Toilet and Sink.

Complaint ¶ 75. By discussing two Defendants (Fernandez and Camillus House), one constitutional amendment (the Fourteenth), three sections of the U.S. Code (42 U.S.C. §§ 12101, 12102, and 12203), and at least three different events (the Plaintiff's letter, Camillus House's alleged failure to comply with 42 U.S.C. §§ 1201–02, and the bacterial and viral infections), the Plaintiff has failed to limit this particular paragraph to "a single set of circumstances." FED. R. CIV. P. 10(b). And, unfortunately, this pattern of sprawling and unfocused allegations repeats itself elsewhere in the Complaint. *See, e.g.*,

4

Complaint ¶¶ 22, 41, 54, 66. When "numbered allegations . . . frequently consist of multiple assertions, some of which have no logical connection to one another," needless difficulties arise in "determining which factual allegations are intended to support which claims." *Mendenhall v. Kendall*, 2022 WL 17348974, at *8 (S.D. Ala. Nov. 3, 2022) (Bivens, Mag. J.).

The Complaint also falls into both the third and fourth categories of a shotgun pleading. Regarding the third prong, the Plaintiff "fails to separate into a different count each cause of action," *Embree*, 779 F. App'x at 662, because he has shoehorned several causes of action into single counts. For example, in Count I, the Plaintiff alleges that various combinations of Defendants violated his rights under different sections of the ADA by (1) "plac[ing] a Disabled Senior Citizen Out on the Streets of Miami," (2) not qualifying him as disabled, (3) denying his application for "alternative Temporary Residency within a[n] Extended Stay America Hotel," and (4) "Coerc[ing], Intimidat[ing], Threaten[ing], and Interfer[ing]" with him. Complaint ¶¶ 31, 32, 34, 40. And Count III ("Florida State Vicarious Liability Culpability") contains—in the Plaintiff's own words—*five* "Causes of Action." *See generally* Complaint ¶¶ 57–76. The Plaintiff has thus disregarded "the principle that separate, discrete causes of action should be [pled] in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996). Each cause of action must be repackaged as an individual count so that the Defendants (and the Court) know exactly what the Plaintiff is alleging and against whom. *See Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." (quoting FED. R. CIV. P. 10(b))).

The Complaint also meets the fourth definition of a shotgun pleading. The Plaintiff, after all, has "assert[ed] multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662. We see this, for example, in the Plaintiff's

5

allegation that *all* of the Defendants violated *both* his Fourth Amendment rights *and* the strictures of the False Claims Act:

> This Court's Jurisdiction is pursuant to 28 U.S.C. 1331, based on the United States Constitutional violations under the *4th* & 14th *Amendments* by the Below Named Defendants [i.e. all six of them] pursuant to 42 U.S.C. 1983; 42 U.S.C. 1985; 42 U.S.C. 1986, as 'State Actors Under The Color of Law' and The Americans With Disability Act – 42 U.S.C. 12101, 12102, 12132, 12182 & 12203; The Fair Housing Act (42 U.S.C. 3601 – 3619); *False Claims Act* – 31 U.S.C. 3729 – 3733; 42 U.S.C. 2000d, et seq, Under Title VI of the Civil Rights Act of 1964 and Deliberate Indifference to Medical Needs.

Complaint ¶ 1. But he includes only one other reference to the Fourth Amendment in the Complaint, and that comes in a concluding paragraph in which the Plaintiff "seek[s] Compensation for Money Damages [for the] violations of the United States Constitution under the 4th & 14th Amendments." *Id.* ¶ 79. And we find no other references to the False Claims Act. We thus have no idea *who* might have violated the Plaintiff's Fourth Amendment rights (or how), and we have no idea which part of the False Claims Act someone (again, we don't know who) violated (or how).

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But, "[w]hen a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added).

Accordingly, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of a viable cause of action, supporting each element with specific factual allegations. If the

Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend.*

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.

2. The Plaintiff may file an **amended complaint** by **December 4, 2023**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. Failure to file an amended complaint by December 4, 2023, *will* result in *dismissal with prejudice.*

3. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on November 3, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   David Webb, *pro se*