UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23971-ALTMAN/Reid

**DAVID WEBB**,

    *Plaintiff*,

*v.*

**MIAMI-DADE COUNTY GOVERNMENT**,
*et al.*,

    *Defendants.*
_____/

### ORDER DENYING SECOND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, David Webb, has filed his Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 11] in his lawsuit against (1) the Miami-Dade County ("MDC") Government; (2) Miami-Dade County Mayor Daniella Levine Cava; (3) MDC Homeless Trust Executive Director Victoria Mallette O'Bryan; (4) Camillus House, Inc.; (5) Camillus House Chief Executive Officer Hilda Fernandez; (6) Director of Behavioral Health Services Jenny Gomez; (7) Emergency Housing Case Manager Supervisor Amanick Boothe; (8) Case Manager Anthony Gordon; (9) Case Manager Briggite Cherranfant; and (10) Emergency Housing Case Manager Lead John Gamez. We've already denied the Plaintiff's First Motion to Proceed *in Forma Pauperis* [ECF No. 3] and dismissed his Initial Complaint [ECF No. 1] as a shotgun pleading under the screening provisions of 28 U.S.C. § 1915(e)(2). *See* Order Denying Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 9]. Because the Amended Complaint [ECF No. 10] is also an impermissible shotgun pleading, we **DENY** the Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis* and **DISMISS** the Amended Complaint **without prejudice** under 28 U.S.C. § 1915(e)(2). The Plaintiff will have **30 days** to file one **FINAL** amended complaint and a renewed motion for leave to proceed in *in forma pauperis*.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

**ANALYSIS**

The Plaintiff is a homeless MDC resident whose "extreme . . . angina" qualifies him for protection under the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 1201 *et seq. See* Amended Complaint ¶ 2.[1] The incidents that led to this Amended Complaint occurred after the Plaintiff moved into one of the Camillus House residential facilities on December 19, 2022. *See id.* ¶ 3. The Plaintiff remained there until August 31, 2023, at which point Camillus House staff "discharged him to the streets of Miami, even though he had no cash on-hand, no income, no immediate employment endeavors, no housing and/or shelter of any kind and with full knowledge of his heart disability." *Ibid.* The Plaintiff alleges that the Defendants violated his "constitutional and statutory rights (state and federal)" and asks us to award him $8.8 million in "amicable money damages for the unconscionable mental anguish suffered from being mentally abused by the state actors under color of law." *Id.* ¶ 4. But, because (1) the Amended Complaint is a shotgun pleading, and (2) the Plaintiff has—in *many* of the Amended Complaint's 87 counts—"fail[ed] to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(b), we dismiss the Amended Complaint *without prejudice*.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

---

[1] The Plaintiff uses inconsistent punctuation and capitalization in his Amended Complaint. For ease of reading, we've corrected some of the excerpts we quote from. Where our alterations extend beyond mere punctuation or capitalization, we'll indicate our changes with brackets.

>   (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics: *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). And *two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

We start by acknowledging that the Plaintiff has tried to comply with our Order Denying His Motion to Proceed *in Forma Pauperis*. He, for instance, has now numbered all of his paragraphs, he's dropped the habit of "adopt[ing] the allegations of all proceeding counts," he's "separate[d] into a different count each cause of action," and he hasn't "assert[ed] multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662; *see generally* Amended Complaint. But, because the Amended Complaint remains "replete with *conclusory*, *vague*, and immaterial facts not obviously connected to any particular cause of action," *ibid.* (emphasis added), we cannot allow it to proceed.

The Plaintiff falls into this fourth category of shotgun pleading throughout his Amended Complaint. For example, the whole of "Count III . . . Cause of Action III" is the following allegation: "This custom, policy, or practice of illegally searching individuals with intentional discrimination through disparate treatment/disparate impact caused the violation of [the Plaintiff's] U.S. Constitutional civil rights under the [Fourth] Amendment as state actors under the color of law."

Amended Complaint ¶¶ 28–29.[2] Similarly, in "Count XIV . . . Cause of Action XIV," the Plaintiff avers only that "[t]his custom, policy, or practice of denying [the Plaintiff] housing based on his federal disability under the [ADA] with intentional discrimination caused the violation of [the Plaintiff's] U.S. constitutional civil rights under the [Fourteenth] Amendment as state actors under the color of law." *Id.* ¶¶ 56–57.[3] While either could (maybe) form the concluding passage of a more detailed and better elaborated allegation, such conclusory language, *standing alone*, isn't enough to support a cause of action. *See Harper v. Pro. Prob. Serv.*, 976 F.3d 1236, 1240 n.4 (11th Cir. 2020) ("A complaint may be dismissed for failure to state a claim when, ignoring any 'mere conclusory statements,' the remaining allegations do not 'plausibly suggest' that the defendant is liable.'" (quoting *Iqbal*, 556 U.S. at 678, 671)); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) ("If these problems were not enough to make [the complaint] a shotgun pleading, the complaint also contains *numerous vague and conclusory allegations*.")

The Plaintiff repeatedly fails to state a plausible claim in other ways, too. So, for example, he refers to innocuous factual assertions as separate counts or causes of action.[4] Take "Count IV . . . Cause of Action IV," where the Plaintiff asserts the following and nothing more: "Defendant Camillus House . . . is a subcontractor of the [MDC] by being given federal funding from the United States Department of Housing & Urban Development based on the 'interdependence' between both of them. *See Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)." Amended Complaint ¶¶ 30–31. This is just a background fact that, even if true, doesn't amount to a cause of action. *See Aning v. Fed. Nat'l Mortgage Ass'n*, 754 F. App'x 816, 818 (11th Cir. 2018) (per curiam) ("A cause of action is defined as the entire set of facts which give rise to an *enforceable claim*." (cleaned up & emphasis added)).

---

[2] The Plaintiff offers identical allegations against some of the other Defendants as well. *See* Amended Complaint ¶¶ 40–42, 45–47.
[3] He repeats this allegation, too. *See* Amended Complaint ¶¶ 58–59, 62–63.
[4] The Plaintiff *may* have committed this error because our Order Denying the First Motion to Proceed *in Forma Pauperis* directed him—in his amended complaint—"to separate each cause of action into different counts." Order Denying the First Motion to Proceed *in Forma Pauperis* at 6.

And, unfortunately for the Plaintiff, this pleading error likewise manifests itself throughout the Amended Complaint. *See, e.g.*, Amended Complaint ¶¶ 99–101 (stating only the following in support of "Count XXIX . . . Cause of Action XXIX": "[Plaintiff] alleges that on 19 December, 2022, the [MDC] Government had been a recipient of federal funding from the United States Department of Housing & Urban Development. Most recently, the [MDC] Government was awarded $21.21 million from the United States Department of Housing & Urban Development Deputy Secretary (Adrianne Todman) in February 2023. Additionally, the [MDC] Government through Mayor Danielle Levine Cava gave another $25 million to the [MDC] Homeless Trust, too[.]"); *id.* ¶¶ 104–06; *id.* ¶¶ 112–15; *id.* ¶¶ 127–28; *id.* ¶¶ 165–68. This will not do.

The Amended Complaint is also needlessly long, sprawling, and complex. Indeed, while the Initial Complaint named only six defendants and spanned seventeen pages (and 86 paragraphs), *see* Initial Complaint, the Amended Complaint has somehow doubled in size and scope; the Plaintiff now names ten Defendants, and his allegations cover 34 pages (and an unmanageable 249 paragraphs), *see* Amended Complaint. While we aren't dismissing the Amended Complaint on this basis, we warn the Plaintiff that his second amended complaint is unlikely to survive if it is similarly long and meandering.

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). And, "[w]hen a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added). Even though we've already given the Plaintiff one such chance, *see* Order Denying Motion to Proceed *in Forma Pauperis* at 7, we'll grant him *just* one more, *see* FED. R. CIV. P. 15(a)(2) (noting that, when a party is precluded from amending its pleading as a matter of course, it "may amend its pleading only

with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*" (emphasis added)).

In sum, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and he must separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*. In other words, this will be the Plaintiff's **final opportunity** to file a permissible complaint.

* * *

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Second Motion to Proceed *in Forma Pauperis* [ECF No. 11] is **DENIED**.
2. The Amended Complaint [ECF No. 10] is **DISMISSED without prejudice**.
3. The Plaintiff may file a **second amended complaint** by **January 19, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. Failure to file a second amended complaint by January 19, 2024, *will* result in *dismissal with prejudice.*
4. This case remains **CLOSED** for administrative purposes pending the Plaintiff's filing of a second amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on December 19, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     David Webb, *pro se*